[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13792
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04157-SCJ

RHONDA LEDBETTER,

Plaintiff-Appellant,

versus

IDN-ARMSTRONG'S, INC.,
IDN GLOBAL, INC.,
IDN, INC.,

Defendants-Appellees,

IDN DISTRIBUTORS, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 15, 2020)

Before WILLIAM PRYOR, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Rhonda Ledbetter appeals the summary judgment in favor of her former employer IDN-Armstrong's, Inc., and its successor entities, IDN Global, Inc., and IDN, Inc., and against her second amended complaint of discrimination in violation of the Americans with Disabilities Act. 42 U.S.C. § 12112(b)(5)(B). The district court ruled that Ledbetter failed to establish a prima facie case of discrimination and, alternatively, that she failed to prove that the legitimate, nondiscriminatory reason proffered for her termination was a pretext for discrimination. We affirm.

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmoving party. *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001), Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Ledbetter sought to prove her claim of discrimination with circumstantial evidence using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Wascura*, 257 F.3d at 1242. Under that framework, an employee must establish a prima facie case of discrimination, which creates a rebuttable presumption that her employer has acted

2

unlawfully. *Id.* To establish a prima facie case of discrimination under the Americans With Disabilities Act, the employee must establish that she is disabled or regarded as being disabled and discriminated against because of her disability or perceived disability. *Lewis v. Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019). After the employee establishes a prima facie case of discrimination, her employer can rebut the presumption by proffering a legitimate reason for its conduct. *Wascura*, 257 F.3d at 1242. If the employer provides a legitimate reason, the employee must prove that the reason is a pretext for discrimination. *Id.* The employee must present evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment action." *Id.* at 1243 (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc)).

IDN presented evidence that it fired Ledbetter for the legitimate, nondiscriminatory reason that she never contacted IDN to explain her continued absence after she was released to return to work. IDN learned that Ledbetter underwent surgery for a fractured arm in February and expected her to return in March based on weekly progress reports provided by her daughters. In April, IDN presumed that Ledbetter was still receiving treatment for her arm based on one telephone call from Ledbetter's daughter reporting that Ledbetter was undergoing medical tests and one call from Ledbetter from an addiction treatment facility in

which she requested forms to extend her leave through May 15, 2017. But in early May, IDN received from its disability insurance provider a physician's statement that Ledbetter was expected to "be able to return to work" on March 27, 2017. The insurer also informed IDN that Ledbetter had been "cleared . . . to return to work on March 27th" and that she had not sought to extend her disability benefits. On May 8, 2017, IDN notified Ledbetter that her "short-term disability had terminated on March 27, 2017," she had been "away from [her] position for eleven weeks," and it had "not heard from [her] for the past several weeks" and could "no longer hold [her] position open."

Ledbetter failed to "meet head on and rebut" the legitimate reason proffered for her termination. *See Chapman*, 229 F.3d at 1030. Ledbetter submitted evidence that IDN reported to the Georgia Department of Labor that she had violated a company policy that treated employees as having voluntarily abandoned their jobs when they were absent for two consecutive days without explanation, but that explanation was consistent with the proffered reason for her termination. Ledbetter also presented evidence that IDN initially cited "job abandonment" in her termination letter and reworded the letter to state that she failed to communicate the reasons for her absenteeism, but that rewording of Ledbetter's termination letter was also consistent with the proffered reason for her termination.

4

Ledbetter argues that IDN knew she had not abandoned her job when she was in an addiction treatment center and asked for an extension of leave until May 15, but Ledbetter presented no evidence that IDN knew that she was receiving treatment for alcoholism. Ledbetter presented evidence that she drank excessive amounts of alcohol to relieve her pain from her arm surgery, but she failed to present any evidence that either she or her daughter told IDN that she had been diagnosed as an alcoholic or was receiving treatment for alcoholism. Ledbetter created no material factual dispute about whether the reason IDN proffered for her termination was true.

We **AFFIRM** the summary judgment in favor of IDN.